Dear Mr. Cadaro:
Your request for an opinion concerning the recently amended and re-enacted R.S. 15:574.15 has been forwarded to me for research and reply. Specifically, you have asked the following question:
 Does R.S. 15:574.15, amended by Senate Bill 1185, effect any changes in R.S. 15:81, which governs the parole powers of the board of jury commissioners of Orleans Parish?
R.S. 15:574.15, both the previous statute and the amended statute, governs the parole powers of elected officers of the state, parish, or any municipality as to the violation of any criminal or quasi-criminal municipal ordinance within their jurisdiction. Also considered "elected officials," for this statute are members of the "state central committee, parish executive committee, and municipal executive committees of political parties." Thus R.S. 15:574.15, old and amended, governs the parole powers of only "elected state, parochial, or municipal officials," or the members of the previously mentioned committees.
The position of jury commissioner for Orleans Parish is neither elected, nor part of the state central, parish executive, or municipal executive committees of political parties. C.Cr.P.404 et seq. provides that members of the jury commissions are appointed, not elected. These articles also do not provide any affiliation with membership of the previously mentioned committees.
Therefore, because jury commissioners do not fit under the constraints of R.S. 15:574.15, the changes made to R.S.15:574.15 by Senate Bill 1185 will have no effect on the jury commissioners, or on R.S. 15:81, which is the controlling statute for the parole powers of members of the Orleans Parish jury commission.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ Robert L. Odinet Assistant Attorney General